**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CINDY THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-796-GKF-TLW |
| | ) | |
| FIRST PRYORITY BANK, and | ) | |
| FIRST PRYOR BANKCORP, INC, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss [Doc. No. 9] by defendant

First Pryor Bankcorp, Inc. ("Bankcorp"), pursuant to Fed. R. Civ. P. 12(b)(1) and  Fed. R. Civ.

P. 12(b)(6).  For the reasons set forth below, the motion is granted.

Plaintiff Cindy Thomason ("Thomason") filed suit on December 2, 2009, asserting two

claims for relief against First Pryority Bank ("First Pryority") and Bankcorp.  In Count One,

Thomason has alleged a claim for retaliatory discharge in violation of Okla. Stat. tit. 25 §1101, *et

seq*. and Title VII of the Civil Rights Act of 1964.  The complaint alleges that Thomason, while

an employee at First Pryority, was subjected to various and continual forms of sexual harassment

by bank supervisors.  Thomason contends she was terminated because she complained about said

harassment.  In Count Two, Thomason has alleged a claim for failure to provide a timely

COBRA notice in violation of 29 U.S.C. §1132(c).  Thomason alleges that the "Bank" did not

send out said notice until some 580 days after her termination.[1]

---

[1]Throughout the complaint, Thomason refers to the conduct of the "Bank," without stating whether "Bank"
refers to First Pryority or Bankcorp or both defedants.

## I. Count One

Even assuming arguendo that Oklahoma law may recognize an employer-employee relationship as operationally existing between Thomason and Bankcorp by virtue of the latter's majority ownership interest in First Pryority and its alleged role in at least some First Pryority employee management, Bankcorp's motion as to Count One should nevertheless be granted because Thomason did not exhaust her administrative remedies as required by Oklahoma and federal law.  Thomason did not file an EEOC Charge of Discrimination for her claims of sexual harassment against Bankcorp.  "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996). Furthermore, under the OADA, Oklahoma courts also require exhaustion of statutory remedies as a "jurisdictional prerequisite for resort to the courts."  *Atkinson v. Halliburton Co.*, 905 P.2d 772, 774 (Okla. 1995).  Thomason's failure to exhaust her administrative remedies prior to bringing this suit acts as a jurisdictional bar, which  mandates a Fed. R. Civ. P. 12(b)(1) dismissal of Count One as against Bankcorp.

Moreover, regardless of any jurisdictional defect, Bankcorp is nevertheless entitled to dismissal of Count One because it has fewer than fifteen employees and is not subject to the provisions of either Title VII or Okla. Stat. tit.25, § 1101.  *See* 42 U.S.C. § 2000e(b); Okla. Stat. tit. 25, § 1301(a).  Plaintiff fails to even allege in the Complaint [Doc. No. 2] that Bankcorp is subject to the provisions of either statute.  In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether the plaintiff has stated a claim upon which relief may be granted.  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Once a claim

has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  However, a court need not accept as true those allegations that are conclusory in nature.  *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  Here, in failing to allege that Bankcorp is subject to either Title VII or Okla. Stat. tit.25, § 1101, Thomason has failed to state a claim to relief that is even possible, much less plausible on its face.

## II. Count Two

Thomason has further failed to state a claim upon which relief can be granted in alleging that Bankcorp failed to provide COBRA notice, as required by 29 U.S.C. § 1132(c), because the complaint did not allege Bankcorp was the Plan Administrator.  Under 29 U.S.C. § 1166(a)(4), COBRA notice requirements apply solely to Plan Administrators.  Plaintiff's Complaint [Doc. No. 2] is deficient because it alleges the "Bank" was the administrator of her health plan, but fails to state whether "Bank" is First Pryority or Bankcorp.  *See Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be stated adequately and contain enough facts to state a claim for relief that is plausible on its face).  The Complaint being deficient, Bankcorp is entitled to a Fed. R. Civ. P. 12(b)(6) dismissal of Count Two.[2]

---

[2] In ruling on Bankcorp's 12(b)(6) motion, the Court  is not able to consider materials extraneous to the pleadings, such as the COBRA notice and the affidavit of First Pryority's President and CEO, both of which are attached to Bankcorp's Motion to Dismiss.  The COBRA notice (a copy of which plaintiff received before filing suit) clearly identifies First Pryority, and not Bankcorp, as the Plan Administrator for Thomason's health plan, a finding which is further supported by the affidavit.   Such materials would likely prove dispositive in a Rule 56 Motion.

**Conclusion**

As to both counts, Bankcorp's Motion to Dismiss [Doc. No. 9] is hereby granted.

IT IS SO ORDERED this 21st day of May 2010.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma