## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDY THOMASON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 09-cv-796-GKF-TLW |
| FIRST PRYORITY BANK, and FIRST PRYOR BANKCORP, INC., | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court is Defendant First Pryor Bankcorp, Inc.'s Motion for Rule 11 Sanctions and Brief in Support. (Dkt. # 16). Plaintiff filed a response and an additional brief (dkt. ## 20, 28), and defendant filed a reply and a supplemental brief (dkt. ## 21, 27). At the request of the Court, the parties then filed additional supplemental briefs. (Dkt. ## 32, 33). The undersigned held two hearings, one on March 11, 2010, and a second on June 23, 2010. (Dkt. ## 23, 30).

## Background

Plaintiff filed this lawsuit on December 2, 2009, asserting, against both defendants, a state law claim for retaliatory discharge under Okla. Stat. tit. 25, § 1001, a federal Title VII claim under the Civil Rights Act of 1964, and a federal claim under 29 U.S.C. § 1132(c). (Dkt. # 2-1). The first two claims are asserted under Count One, and the third claim is asserted under Count Two. Id. Defendant's Motion for Sanctions addresses only Count One.

On December 14, 2009, defendant's counsel mailed a letter to plaintiff's counsel invoking Federal Rule of Civil Procedure 11. (Dkt. # 28-2). The letter states:

> Enclosed please find Defendant First Pryor Bankcorp, Inc.'s Motion for Rule 11 Sanctions Against Plaintiff and Brief in Support. In compliance with . . . Fed. R. Civ. P. 11, we are serving this draft motion on you and stating our intention to file it with the Court after the passage of twenty-one days unless you agree to dismiss First Pryor Bankcorp, Inc. as a party to this lawsuit.

<u>Id.</u>  On December 21, 2009, defendant filed a Motion to Dismiss, among other things, Count One.  (Dkt. # 9).  On January 5, 2010, plaintiff responded to defendant's Rule 11 letter stating that ". . . we will be willing to dismiss the action as to the EEOC claims [Count One].  I will file a response to your Motion to [D]ismiss accordingly."  (Dkt. # 28-2).  On that same day, plaintiff filed its response to defendant's Motion to Dismiss and followed through with her counsel's promise, stating:

> While plaintiff believes that there is a claim against Bankcorp under EEOC the litigation of that issue would be time consuming and would not effect the limits placed on the plaintiff by statue and therefore <u>Plaintiff will not object to dismissal of count one as to Bankcorp.</u>  Plaintiff does not release Bankcorp from any liability it might have that flow[s] from First Pryority as it subsidiary.

(Dkt. # 15) (emphasis added).  On January 6, 2010, defendant's counsel wrote to plaintiff's counsel in response to this statement:

> While we appreciate your willingness to allow a dismissal, we believe it is your affirmative duty to actually dismiss this claim, with prejudice, rather than relying on a dismissal by the Court which would be without prejudice.  Accordingly, we have enclosed a Joint Dismissal as to Count One as it relates to First Pryor Bankorp and would request that you confirm in writing your permission for us to file this Dismissal.  We ask that you do so by 5:00 p.m. on Friday.  We intend to file a motion for sanctions next Monday, including the request for reimbursement of attorney's fees for pursuing First Pryor Bankcorp's Motion to Dismiss, if we are unable to obtain an agreed dismissal with prejudice as to Count One this week.

(Dkt. # 27-1 at 1).  Defendant's letter expressly refers to plaintiff's response brief but does not refer to plaintiff's January 5, 2010 letter.[1]  <u>Id.</u>  After receiving defendant's letter, plaintiff immediately responded, stating that ". . . the dismissal without prejudice by the court would seem proper at this time."  (Dkt. # 27-2 at 1).

---

[1] The record does not reflect any direct response to plaintiff's January 5, 2010 letter.

On January 12, 2010, defendant filed its Motion for Rule 11 Sanctions. (Dkt. # 16). On May 21, 2010, the District Court granted defendant's Motion to Dismiss. (Dkt. # 25).

## Analysis

Defendant's Motion for Sanctions is governed by Federal Rule of Civil Procedure 11, which provides as follows:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Id. "Rule 11 sanctions are an extraordinary remedy . . . [and] are intended to discourage frivolous litigation, not to punish litigants." Greeley Pub. Co. v. Hergert, 233 F.R.D. 607, 611 (D. Colo. 2006) (citing Brown v. Pierce Mfg., Inc., 169 F.R.D. 118, 119 (E.D.Wis.1996)). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir.2001).

The Court will first consider whether plaintiff's filing of Count One rises to the level of sanctionable conduct. In this respect, the District Court's Opinion and Order dismissing Count One is instructive:

> Even assuming arguendo that Oklahoma law may recognize an employer-employee relationship as operationally existing between Thomason and Bankcorp by virtue of the latter's majority ownership interest in First Pryority and its alleged role in at least some First Pryority employee management, Bankcorp's motion as to Count One should nevertheless be granted because Thomason did not exhaust her administrative remedies as required by Oklahoma and federal law. Thomason did not file an EEOC Charge of Discrimination for her claims of

> sexual harassment against Bankcorp. "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996).
>
> Furthermore, under the OADA, Oklahoma courts also require exhaustion of statutory remedies as a "jurisdictional prerequisite for resort to the courts." Thomason's failure to exhaust her administrative remedies prior to bringing this suit acts as a jurisdictional bar, which mandates a Fed. R. Civ. P. 12(b)(1) dismissal of Count One as against Bankcorp.
>
> Moreover, regardless of any jurisdictional defect, Bankcorp is nevertheless entitled to dismissal of Count One because it has fewer than fifteen employees and is not subject to the provisions of either Title VII or Okla. Stat. tit. 25, § 1101. See 42 U.S.C. § 2000e(b); Okla. Stat. tit. 25, § 1301(a). Plaintiff fails to even allege in the Complaint [Doc. No. 2] that Bankcorp is subject to the provisions of either statute. . . . Here, in failing to allege that Bankcorp is subject to either Title VII or Okla. Stat. tit. 25, § 1101, Thomason has failed to state a claim to relief that is even possible, much less plausible on its face.

(Dkt. # 25 at 2-3). Thus, plaintiff not only brought claims that were jurisdictionally barred on their face, plaintiff also failed to allege any facts that would make those claims "possible," even were the jurisdictional bar not present. Put simply, plaintiff's claims against defendant were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiff's counsel clearly violated Rule 11(b)(2).[2]

Nonetheless, even given a clear violation of Rule 11, there are certain prerequisites to the imposition of sanctions. Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

---

[2] Plaintiff's counsel should avoid such violations in the future.

Id.  "The purpose of this safe harbor provision . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*."  Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original).  If the offending party fails to withdraw or correct the pleading, then "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Defendant served its December 14, 2010 letter via U.S. Mail.  Because defendant chose this method of service, the application of Rule 6 provided plaintiff with an additional three days, for a total of twenty-four (24) days, in which to withdraw Count One.  Thus, plaintiff had until January 7, 2010 to do so.  On January 5, 2010, two days prior to the deadline, plaintiff offered to dismiss Count One without prejudice and stated that she would confirm this offer in her response to defendant's Motion to Dismiss, which she did that same day.  Defendant effectively declined this offer on January 6, stating that ". . . we believe it is your affirmative duty to actually dismiss this claim, with prejudice, rather than relying on a dismissal by the Court which would be without prejudice."  In response, plaintiff reiterated her belief that a dismissal without prejudice would be appropriate.  Based on these facts, if a dismissal without prejudice constitutes a "withdrawal" of a challenged claim, an acceptance of plaintiff's offer would have served the purposes of Rule 11, and a refusal to accept such an offer would have contradicted those purposes.

At least two courts have addressed whether a dismissal without prejudice constitutes the withdrawal of a challenged claim.  In Nagle Industries, Inc. v. Ford Motor Co., 173 F.R.D. 448 (E.D.Mich. 1997), the defendant filed a motion seeking Rule 11 sanctions after the plaintiff had first offered to dismiss the challenged claims without prejudice and then formally sought to do

so, both within the twenty-one day safe harbor period. Id. at 458-59. The court found that the plaintiff's actions satisfied Rule 11's requirement that the challenged claim be "withdrawn or appropriately corrected." Id. Similarly, in Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 452 (E.D.N.Y. 1995), the plaintiff offered to dismiss its Complaint without prejudice and then formally sought to do so. Id. at 452. The court ultimately dismissed the Complaint without prejudice, and the defendant sought Rule 11 sanctions. Id. In denying the defendant's motion, the court found that the plaintiff had voluntarily withdrawn the Complaint within twenty-one days and was, therefore, entitled to protection under Rule 11's safe harbor provision. Id. This Court agrees with the result and the reasoning of both Nagle and Photocircuits and concludes that a plaintiff who seeks to voluntarily dismiss a claim without prejudice within the twenty one day safe harbor period is entitled to the protection of that provision.

Here, however, unlike in Nagle and Photocircuits, plaintiff did not file a formal motion seeking to withdraw Count One; however, plaintiff did notify defendant twice, and the Court once, that it was willing to dismiss Count One without prejudice, and defendant did so within the twenty-one day safe harbor period. These offers were precisely what defendant demanded in its December 14 letter. (Dkt. # 28-2) (defendant threatened to file its Rule 11 motion ". . . unless [plaintiff] agree[d] to dismiss First Pryor Bankcorp, Inc. as a party to this lawsuit").[3] Nonetheless, defendant declined the offers. Moreover, even had defendant originally demanded that plaintiff dismiss Count One with prejudice, an acceptance would have served the purposes of Rule 11 (which must be read in a manner that is consistent with its safe harbor provisions). Thus, although the better course of action for plaintiff would have been to formally seek dismissal under Rule 41, defendant's refusal of plaintiff's offer was not reasonable. Therefore,

---

[3] No where in defendant's December 14 letter does it demand that plaintiff dismiss the challenged claims with prejudice.

without reaching the issue of whether an "offer" to withdraw a pleading alone is sufficient to invoke the safe harbor provision of Rule 11, the Court concludes that in this instance it would be inappropriate to award "deterrent" sanctions in favor of defendant, since defendant unreasonably refused to accept the very offer it demanded, and plaintiff made that offer both to defendant and to the District Court during the safe harbor period.[4]  Thus, the Court concludes that sanctions are not warranted here.

## Conclusion

Based on the foregoing, defendant's Motion for Sanctions is DENIED.

SO ORDERED this 13th day of September, 2010.

_____
T. Lane Wilson
United States Magistrate Judge

---

[4] The Court's conclusion would have been the same had plaintiff's offer, as defendant incorrectly argued, come on the twenty-second day.